The provision of the agreement at issue states, “[A]dvances shall be fully reimbursed by [plaintiff] from the Commissions paid by [defendant] ... at a rate of twenty percent ... of [plaintiff]’s portion ... of each Commission . . . until [defendant] is fully reimbursed.” The motion court properly found that the requirement that defendants be “fully reimbursed” was qualified by the clause “from the Commissions ... at a rate of twenty percent ... of [plaintiff]’s portion of each Commission” (see Goldstein v Frances Emblems, Inc., 269 App Div 345, 347 [1st Dept 1945]). Although 20% of plaintiffs commissions may be insufficient to fully reimburse defendants for the advances made, defendants could have been protected by negotiating a clause addressing what would happen if 20% of plaintiffs commissions was insufficient to fully reimburse defendants (see Rowe v Great Atl. & Pac. Tea Co., 46 NY2d 62, 72 [1978]; see also Reiss v Financial Performance Corp., 97 NY2d 195, 199 [2001]). Concur — Sweeny, J.R, Acosta, Saxe, Moskowitz and Clark, JJ.